UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 18-094-DCR |
| V. | ) ) | |
| JAMAL WALTER JONES, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

## Introduction

Officers with the Lexington Police Department searched a Fayette County residence located at 2585 Knightsbridge Lane on June 6, 2018. The search followed several weeks of surveillance regarding drug trafficking activities allegedly stemming from that location. Officers located sums of United States currency inside the residence, together with approximately 75 grams of suspected heroin, a quantity of marijuana, handguns and ammunition, suspected cutting agents for the controlled substances, and drug paraphernalia. Additionally, officers located a garage door opener for the residence inside a Hyundai Santa Fe vehicle. And last, but not least, Defendant Jamal Walter Jones was found inside the residence. Jones was arrested. He was advised before being transported to the Fayette County Detention Center that it would be a separate offense to enter the detention center with illegal contraband. In response, Jones produced seven individual bags of suspected heroin that had been hidden in his underwear.

A federal grand jury returned an indictment against Jones, charging him with intent to distribute 40 grams or more of a mixture of substance containing a detectable amount of

fentanyl and heroin, knowingly possessing firearms in furtherance of a drug trafficking crime, and being a felon in possession of firearms. [Record No. 1, p. 1-2] The matter is now pending for consideration of the defendant's motion to suppress evidence related to a search warrant for 2585 Knightsbridge Lane, the 2017 Hyundai Santa Fe, and his person. [Record No. 14]

The defendant's motion will be denied because officers had probable cause to believe that Jones possessed the controlled substances at issue and that evidence of Jones' criminal conduct would be found at the residence in question and within the vehicle he was driving. Further, even if probable cause did not support the search, officers acted in good faith under *United States v. Leon*, 468 U.S. 897 (1984).

**Relevant Facts**

A hearing on the defendant's motion to suppress was held on this date. However, no additional evidence was offered. The relevant facts are not disputed by the parties.

A search warrant was requested on June 6, 2018, for 2585 Knightsbridge Lane, a 2017 white Hyundai Santa Fe (VIN: KM8SM4HF2hU181051; Florida Reg. DFSP64; registered to EAN Holdings at 14002 E 21st Street, Suite 1500, Tulsa, Oklahoma), and a 5'10-6'2, 180-pound, black male. [Record No. 14-3, p. 1] Lexington Police Detective Cooper submitted an affidavit in support of the warrant issued by a state district judge. [Record No. 14-2, p. 1-4] The affidavit described the location to be searched as 2585 Knightsbridge Lane, Lexington, Fayette County Kentucky. [Record No. 14-2, p. 1] More specifically, the property to be searched was identified as the left-side of a duplex, clearly marked with the numbers "2585" to the left of the garage door. [Record No. 14-2, p. 1] The affidavit also includes a description of a White Hyundai Santa Fe, with the VIN number and registration information listed.

[Record No. 14-2, p. 1] The affidavit describes the person to be searched as a "male black approximately 5'10-6'2 [and] 180 pounds." [Record No. 14-2, p. 1]

The warrant was sought based on information received by Detective Cooper beginning on April 21, 2018, from a confidential informant ["QCI1"]. The informant advised that three black males from Detroit were selling quantities of heroin from a hotel in the Elkhorn Road area of Lexington, Kentucky, and that they had subsequently moved to the duplex at the Knightsbridge Lane address. [Record No. 14-2, p. 2] The affiant states that QCI1 previously provided truthful and accurate information to the police on multiple occasions. [Record No. 14-2, p .2] Further, the information was independently verified. [Record No. 14-2, p. 2] It appears that the individual identified as QCI1 had purchased narcotics for the Narcotics Enforcement Unit on approximately five occasions. [Record No. 14-2, p. 2]

Detective Cooper commenced surveillance at 2585 Knightsbridge Lane in May 2018. [Record No. 14-2, p. 3] He observed the Hyundai Santa Fe parked in the driveway and driven by an unknown black male subject on several occasions during this surveillance. [Record No. 14-2, p. 3] Detective Cooper and another detective met with a second confidential informant ["QCI2"] for the purpose of setting up a controlled buy from the unknown male at Knightsbridge Lane. [Record No. 14-2, p. 3] Officers followed the subject to and from 2585 Knightsbridge Lane to a predetermined location for the controlled buy. [Record No. 14-2, p. 3]

The affiant met with QCI2 within 48 hours of seeking the search warrant to arrange and conduct another controlled purchase from the black male subject identified as living at Knightsbridge Lane. [Record No. 14-2, p. 3] Officers observed QCI2 meet with a black male for a brief time and then observed the subject get into the driver's seat of the white Hyundai

Santa Fe described in the search warrant. [Record No. 14-2, p. 3] Detectives followed the Santa Fe back to 2585 Knightsbridge Lane where they observed the subject enter the residence. [Record No. 14-2, p. 3] The subject matched the description of the male observed during the first controlled purchase and identified generally in the search warrant (i.e., a "male black subject approximately 5-10 to 6'2 tall and approximately 180 pounds." [Record No. 14-2, p. 3]

**Legal Analysis**

**A.**

"Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion and is found to exist where there is a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (internal citations and quotation marks omitted). The Fourth Amendment prohibits the issuance of a search warrant unless it is based "upon probable cause, supported by oath or affirmation." U.S. CONST. amend. IV. To properly obtain a warrant, the proponent must submit an affidavit that "indicate[s] a fair probability that evidence of a crime will be located on the premises of the proposed search." *United States v. Elbe*, 774 F.3d 885, 888 (6th Cir. 2014) (citations and internal quotation marks omitted).

The warrant must describe with particularity the place to be searched and the person(s) or thing(s) to be seized. *United States v. Brown*, 828 F.3d 375, 382 (6th Cir. 2016) (citing *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)). Accordingly, the affidavit supporting the warrant must demonstrate a nexus between the evidence sought and the place(s) and/or person(s) to be searched. *Id.* In other words, the affidavit must contain sufficient facts

demonstrating why the law enforcement expects to find evidence in the place to be searched, rather than at some other location. *Id.*

Affidavits submitted in support of a request for a search warrant are reviewed based on the totality of the circumstances. Further, review is limited to the four corners of the affidavit. *Id.* (citing *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)). A search warrant will be upheld if the issuing "magistrate had a substantial basis for . . . concluding that a search would uncover evidence of wrongdoing." *United States v. Weaver*, 99 F.3d 1372, 1376 (6th Cir. 1996) (quoting *Illinois v. Gates*, 462 U.S. 213, 236 (1983).

**B.**

Defendant Jones argues that the information contained in the affidavit is too vague to establish probable cause for the search. [Record No. 14-1, p. 6, 8-9] In this respect, "[t]he affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added." *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000) (en banc). *But see Brown*, 828 F.3d at 382 (holding that the search warrant was too vague because the search warrant affidavit contained no evidence that Brown distributed or stored narcotics in his home, no reliable informant purchased drugs at the home, and no surveillance had taken place at the residence).

Here, the detective's affidavit includes information from a reliable informant. Additionally, law enforcement observed two controlled buys, and conducted surveillance of the residence. [Record No. 14-2, p. 2-3] This case differs from *Brown* because the officers in the present case conducted surveillance at the Knightsbridge Way location and observed the Hyundai Santa Fe that was regularly parked at the residence and used to travel to and return from a controlled buy.

Jones also claims that the description "male black approximately 5'10-6'2 180 pounds" is too vague to support issuance of the warrant. However, a description in an affidavit filed in support of a search warrant will not violate the Fourth Amendment when the description is "as specific as the circumstances and nature of the activity under investigation permit." *United States v. Hanna*, 661 F.3d 271, 286 (6th Cir 2011). For example, in *United States v. Perez*, the court found that the search warrant which included physical description and the Defendant's alias satisfied the Fourth Amendment. 629 Fed. Appx. 699, 704 (6th Cir. 2015); s*ee also United States v. Ferrone*, 438 F.2d 381 (3d Cir. 1971) (upholding a warrant with the description "John Doe, a white male with black wavy hair and stocky build observed using the telephone in Apartment 4-C 1806 Patricia Lane, East McKeesport, PA"); 2 Wayne R. Lafave, *Search and Seizure* § 4.5(e), fn. 146 (5th ed. 2017). Here, the description contained in the affidavit is not so vague that the warrant should be suppressed.

The defendant next argues that the affidavit does not include the informant's basis of knowledge. [Record No. 14-1, p. 6] The Court also rejects this argument. Regarding statements by a confidential informant, the affidavit(s) must provide facts supporting an independent judicial determination that the informant is reliable, but the facts need not take any particular form. *United States v. McCracken*, 401 F.3d 693, 697 (6th Cir. 2005). The affidavit could state that police corroborated significant parts of the CI's story or that the CI has provided reliable information in the past. *Id.* (citing *Allen*, 211 F.3d at 975-76); *United States v. Greene*, 250 F.3d 471, 480 (6th Cir. 2001). At bottom, whether probable cause exists is a "commonsense, practical" inquiry. *Gates*, 462 U.S. at 230.

"An informant's veracity, reliability, and basis of knowledge are all highly relevant in determining the value of his report," but these elements should not be understood as "entirely

separate and independent requirements to be rigidly exacted in every case." *Id.* While the affidavit supporting the warrant in question does not explicitly state the confidential informant's basis of knowledge, it does indicate that QCI1 provided information to the Lexington Police Department on multiple occasions, that he/she had previously purchased narcotics at the direction of the police, and that the information was independently verified by Detective Cooper. [Record No. 14-2, p. 2]

Jones also argues that the unspecified date of the first controlled purchase undercuts a finding that probable cause justifies the search. [Record No. 14-1, p. 7] The unspecified buy took place sometime during May 2018 (the month before the warrant was issued). [Record No. 14-2, p. 3] "[A] warrant is stale if the probable cause, while sufficient at some point in the past, is now insufficient as to evidence at a specific location." *United States v. Abboud*, 438 F.3d 554, 572 (6th Cir. 2006). In examining staleness claims, reviewing courts "should consider the defendant's course of conduct, the nature and duration of the offense, the nature of the relevant evidence, and any corroboration of the information." *Jackson*, 470 F.3d at 308. For example, in *United States v. Barron*, the court found that any potentially stale information was updated and substantiated when more information was obtained within 72 hours of the warrant request. 2017 U.S. Dist. LEXIS 185157, *1, *26-27 (E.D. Ky. 2017). Here, a second controlled buy occurred within 48 hours of seeking the warrant. This supports the conclusion that the unspecified purchase date in May was updated and substantiated by the second controlled buy. [Record No. 14-1, p. 3]

The defendant further contends that there was an insufficient nexus between himself, the car, 2585 Knightsbridge Lane, and drug trafficking activity. Again, to satisfy the probable cause requirement, "circumstances must indicate why evidence of illegal activity will be found

in a particular place. In other words, there must be a nexus between the place to be searched and the evidence sought." *United States v. Washington*, 380 F.3d 236, 240 (6th Cir. 2004) (quoting *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004)). "[W]hether an affidavit establishes a proper nexus is a fact-intensive question resolved by examining the totality of the circumstances presented." *Brown*, 828 F.3d at 382.

A sufficient nexus has been presented to support issuance of the warrant by the district judge. The officers in this case connected the information to the residence, the car, and the defendant, in part, by surveillance at 2585 Knightsbridge Lane. Additionally, officers followed the individual matching the warrant description to and from the first controlled buy and observed as he returned to 2585 Knightsbridge Lane after the second controlled buy in the Hyundai Santa Fe. [Record No. 14-2, p. 2-3] Courts are entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the crime and the type of offense. *United States v. Young*, 847 F.3d 328, 346 (6th Cir. 2017) (citing *United States v. Williams*, 544 F.3d 683, 686 (6th Cir. 2008)). Defendant Jones was observed exiting 2585 Knightsbridge Lane prior to the controlled purchases and returning to the residence after the controlled purchases. [Record No. 16, p. 10] The person surveilled at both controlled buys matched the description of the individual identified in the search warrant. [Record No. 14-2, p. 3]

The undersigned also concludes that there was probable cause to support issuance of the search warrant because the officer utilized two reliable confidential informants and corroborated their information by conducting surveillance at 2585 Knightsbridge Lane. [Record No. 14-2, p. 3] The affidavit included information that the first informant was reliable because he/she had previously provided reliable information, had conducted controlled buys

in the past, and law enforcement independently verified the information. [Record No. 14-2, p. 1] Further, law enforcement conducted two controlled buys within about a month of requesting the search warrant, one of which occurred within forty-eight hours of submitting the application. [Record No. 14-2, p. 3] Officers observed an individual matching the description in the warrant enter and exit the Hyundai Santa Fe parked at 2585 Knightsbridge Lane. They further witnessed the individual leave a second controlled buy and return to 2585 Knightsbridge Lane in the same vehicle. [Record No. 14-2, p. 3]

In summary, the Court rejects all of the arguments made in favor of suppressing the evidence seized pursuant to a properly-issued state search warrant.

### C.

Notwithstanding the above finding of probably cause, the Court proceeds to address the defendant's secondary argument that the good faith exception to the exclusionary rule is inapplicable. A good-faith exception to the exclusionary rule limits suppression to "circumstances in which the benefits of police deterrence outweigh the heavy costs of excluding 'inherently trustworthy tangible evidence' from the jury's consideration." *United States v. White*, 874 F.3d 490, 496 (6th Cir. 2017). The test is an objective determination regarding "whether a reasonably well-trained officer would have known that the search was illegal despite the magistrate's decision." *United States v. Hodson*, 543 F.3d 286, 293 (6th Cir. 2008). This exception only requires a "minimally sufficient nexus between the illegal activity and the place to be searched." *Brown*, 828 F.3d at 385.

The good-faith exception does not apply:

(1) where the issuing magistrate was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth; (2) where the issuing magistrate wholly abandoned his

judicial role and failed to act in a neutral and detached fashion, serving merely as a rubber stamp for the police; (3) where the affidavit was nothing more than a "bare bones" affidavit that did not provide the magistrate with a substantial basis for determining the existence of probable cause, or where the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the officer's reliance on the warrant was not in good faith or objectively reasonable, such as where the warrant is facially deficient.

*United States v. Leon*, 468 U.S. 897, 923 (1984). None of these situations is present here.

In this case, the affidavit contains a "sufficient nexus between the illegal activity and the place to be searched" to support officers' good-faith belief in the warrant's validity. *United States v. Carpenter*, 360 F.3d 591, 596 (6th Cir. 2004); *see also United States v. Washington*, 380 F.3d 236, 243 (6th Cir. 2004) (finding the good-faith exception applied where the affidavit included information that the officer observed two drug deals involving a man driving a car that was registered to the residence included in the search warrant). The officers conducted surveillance of the home, observed two controlled buys, and received information from a reliable informant, which they independently corroborated. [Record No. 14-2, p. 2-3] There is clearly a sufficient nexus to believe that the illegal activity is connected to the home on 2585 Knightsbridge Way, the individuals described in the search warrant, and the Hyundai Santa Fe. [Record No. 14-2, p. 1-3] And the affidavit is not so vague as to render the search warrant "conclusory or meaningless." *United States v. McPhearson*, 469 F.3d 518, 527 (6th Cir. 2006).

## Conclusion

Detective Cooper's affidavit supports a finding of probable cause. However, even if probable cause was lacking, the *Leon* good-faith exception to the exclusionary rule applies. Therefore, the subject evidence will not be suppressed. Accordingly, it is hereby

**ORDERED** that the defendant's motion to suppress [Record No. 14] is **DENIED**.

Dated: September 27, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge