UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Action No. 5: 18-094-DCR |
| Plaintiff/Respondent, | ) | and |
| | ) | Civil Action No. 5: 25-252-DCR |
| V. | ) | |
| | ) | |
| JAMAL WALTER JONES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant/Movant Jamal Walter Jones' construed motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 101] The motion is wholly without merit and will be denied for the reasons that follow.

**I.**

The Lexington Police Department executed a search warrant at Defendant Jamal Jones' residence as he was leaving in a vehicle on June 6, 2018. During the resulting search of the residence, detectives found approximately 70 grams of a heroin-fentanyl mixture, together with drug paraphernalia, two loaded firearms (identified as a 9-millimeter Taurus handgun and a .40-caliber Glock handgun) and ammunition located close to the drugs. Officers also discovered additional bags of controlled substances when Jones was searched.

**II.**

Jones was indicted by a federal grand jury on August 2, 2018, and charged with the following substantive offenses: (i) knowingly and intentionally possessing with the intent to

- 1 -

distribute 40 grams or more of a mixture or substance containing a detectible amount of fentanyl and a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 1); (ii) knowingly possessing the 9-milimeter Taurus handgun and .40-caliber Glock handgun in furtherance of the drug trafficking crime charged in Count 1, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and (iii) possessing the subject firearms after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (Count 3). [Record No. 1]

Jones did not proceed to trial. Instead, after unsuccessfully challenging the search of his residence, vehicle, and person [Record Nos. 14, 19, and 23], Jones entered a guilty plea to Counts 1 and 2 pursuant to a written Plea Agreement. [Record Nos. 53 and 54] In relevant part, Jones reserved the right to appeal:

> the District Court's denial of his pretrial motion to the evidence that the police found during a search of the residence at 2585 Knightsbridge Lane, of a 2017 white Hyundai Santa Fe, and his person identified as that of a black male approximately 5'10-6'2, 180 pounds [Record No. 23] limited to the arguments raised below in support of his claims (1) that the warrant affidavit failed to establish probable cause for the search of the residence, 2585 Knightsbridge lane: (2) that the warrant affidavit failed to establish probable cause for the search of the 2017 White Hyundai Santa Fe; (3) that the warrant affidavit failed to establish probable cause for the search of a black male approximately 5'10-6'2, 180 pounds; and (4) that even if probable cause did not exist in the warrant affidavit it was not saved by the "good faith exception" to the exclusionary rule.

[Plea Agreement; Record No. 54]

On June 21, 2019, Jones was sentenced to 60 months' incarceration on Count 1 and, consistent with 18 U.S.C. § 924(c)(1)(A), a consecutive term of 60 months' incarceration on Count 2. [Record No. 63] Count 3—which charged Jones with being a felon in possession of firearms—was dismissed pursuant the parties' written Plea Agreement.

Jones filed a timely Notice of Appeal seeking to challenge the issues identified in his Plea Agreement on July 3, 2019. [Record No. 64] However, on September 17, 2020, the

United States Court of Appeals for the Sixth Circuit affirmed this Court's Judgment. [Record No. 95] The Sixth Circuit's mandate was issued on October 13, 2020. [Record No. 96]

Jones did not seek a writ of certiorari from the United States Supreme Court. Therefore, the Judgment became final ninety days later in January 2021.

### III.

Jones did not file the present motion with this Court. Instead, on July 7, 2025, the Eastern District of Pennsylvania docketed the defendant's present filing in the matter styled *Jones v. United States*, No. 2: 25-cv-3509-MRP (E.D. Pa. 2025). However, upon consideration of the issue raised (purportedly under 28 U.S.C. § 2241), the Pennsylvania Court observed that it "appear[ed] that [Jones] is challenging a conviction from [this Court in Criminal Action No. 5: 18-094-DCR] which is properly brought as a [] Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255." [Further, because] "such motions must be brought in the Court which imposes the sentencing issue" the matter was transferred here. [*See* Record No. 102, pp. 1-2.]¹

Jones raises one issue in his motion. Citing *Range v. Attorney General of the United States*, 69 F.4th 96 (3d Cir. 2023), and President Donald J. Trump's Executive Order 14206²,

---

¹ This determination is consistent with actions taken by other judges of this Court and within the Sixth Circuit. *See* Recommended Disposition in *United States v. Aaron Shanks*, Criminal Action No. 5: 23-092-GFVT-HAJ (E.D. Ky., Dec. 8, 2025); *see also, Raeshaun Perry Ross v. United States*, 2025 WL 2607711 (N.D. Ohio, Aug. 13, 2025)

² Executive Order 14206 provides, in part:

> Section 1. Purpose. The Second Amendment is an indispensable safeguard of security and liberty. It has preserved the right of the American people to protect ourselves, our families, and our freedoms since the founding of our great Nation. Because it is foundational to maintaining all other rights held by Americans, the right to keep and bear arms must not be infringed.

- 3 -

and he contends that his conviction for possessing of a firearm in furtherance of his drug trafficking crime (*i.e.*, Count 2) must be vacated and he must be released from custody.

Upon initial screening, United States Magistrate Judge Candace J. Smith noted two deficiencies with Jones' filing which required prompt attention. [Record No. 102] First, the motion failed to satisfy the requirements of Rule 2 of the Rules Governing Section 2255 Proceedings in the United States District Court. As a result, the Clerk of the Court was instructed to mail Jones the appropriate form with directions that it be completed and returned by August 22, 2025. [*Id*. at p. 2, 5]

Second, Jones was given the opportunity (again, until August 22, 2025) to "explain the timeliness of his Motion to Vacate and show cause why his Motion should not be dismissed as time barred." Jones was directed to "attach any supporting documentation he deems necessary to support his assertions that his Motion was timely filed." [*Id*. at pp. 3-6]

Quoting at length from her Order, Magistrate Smith observed and instructed as follows:

[P]reliminary review of Jones's filing and the procedural record of his criminal prosecution in this case raises questions about the timeliness of his § 2255 filing. *See Shelton v. United States*, 800 F.3d 292, 294-95 (6th Cir. 2015) (explaining that a district court generally must provide a defendant with notice and an opportunity to be heard before dismissing a § 2255 motion *sua sponte* on timeliness grounds); *see also Day v. McDonough*, 547 U.S. 198, 210 (2006). Relevant here, the Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that federal prisoners have a one-year limitation period in which to file a § 2255 motion. 28 U.S.C. § 2255(f); *also see Johnson v. United States*, 457 F. App'x 462, 464 (6th Cir. 2012). The statute states in relevant part:

---

Section 2 outlines a plan of action which directs the Attorney General of the United States to assess any infringements of the Second Amendment and, thereafter, propose a plan of action designed to protect the Second Amendment rights of citizens. Section 3 addresses implementation of the Attorney General's proposed plan of action. Importantly, Section 4 notes that the Executive Order "shall be implemented with applicable law and subject to the availability of appropriations."

The [one-year] limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Jones's filing does not discuss the timeliness of his challenge to his conviction on Count 2. Subsection (f)(1) of § 2255 is the most commonly applicable provision, requiring a federal criminal defendant to file his § 2255 motion within one year of the conviction becoming final. Applying that subdivision here, Jones's Judgment became final on December 16, 2020, which is 90 days after the Sixth Circuit's September 17, 2020, ruling and judgment on his appeal. (See R. 95); *see also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); S. Ct. R. 13.1. Jones then had a year to file a motion under § 2255, but his present filing was not received by any court until July 2025, roughly three and a half years after the deadline expired in December 2021.[3]

And although it is true that, in limited circumstances, the one-year period may begin later than the date of final judgment, which circumstances are set forth in subsections (f)(2) – (f)(4), Jones's filing does not purport to rely on any of these provisions. Similarly, he has not argued that he would be entitled to equitable tolling of the AEDPA's one-year limitation period, which would be his burden to demonstrate. *See Shelton*, 800 F.3d at 295 ("The § 2255 statute of limitations is subject to equitable tolling."); *see also Carballea v. United States*, No. 1: 03-CR-207, 2012 WL 112268, at *3 (E.D. Tenn. Jan. 12, 2012) (collecting cases).

---

[3] This conclusion would not change if the Court utilized the date of the Sixth Circuit's mandate (*i.e.*, October 13, 2020) in calculating when the Judgment became final for determining the deadline for filing a motion consistent with 28 U.S.C. § 2255(f). Instead, the filing deadline as calculated by the Magistrate Judge would be extended by approximately one month from December 2021 to January 2022.

> In this action, Jones will be given an opportunity to address timeliness at Question 18 on the standard filing form on which his § 2255 Motion will be required to be filed. That question states: "TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." If Jones wishes to continue with his § 2255 Motion filing, when he completes the AO 243 Form he must be sure to also answer Question 18 explaining in detail why he believes his § 2255 Motion filing is timely and should not be dismissed as time barred.

[Record No. 102, pp. 3-5] Despite these warnings, Jones has not responded or provided any additional information to assist the Court in evaluating his claim.[4]

**IV.**

To prevail on a § 2255 claim the movant bears the burden of showing that: (1) the conviction resulted from an error of constitutional magnitude; (2) the sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003). If the movant alleges a constitutional error, he or she must establish that the error "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). For a non-constitutional error, the movant must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Id*. (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)). This demanding standard requires exceptional circumstances to justify

---

[4] As relevant here, Jones filed a motion seeking to have counsel appointed on August 28, 2025. [Record No. 103] That motion was denied on the same date. [Record No. 104] As explained below, Jones current motion is wholly without merit. Therefore, appointment of counsel would serve no useful purpose.

relief and indicates that not every alleged error of law can be raised in a § 2255 petition. *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018).

Further, a § 2255 movant bears the burden of proving his or her allegations by a preponderance of the evidence. *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam).

**a.**

Jones' Judgment became final no later than January 2021 (or 90 days after he did not file a petition for certiorari with the United States Supreme Court). Therefore, the deadline to file a motion under 28 U.S.C. § 2255 expired in January 2022 unless an exception is demonstrated or equitable tolling applies to extend the deadline. However, the present motion was not filed until July 7, 2025. Although the defendant has not offered any reason for equitable tolling, several possible arguments have been considered. For example, Jones might argue that Executive Order 14206 constitutes newly discovered evidence. Or Jones might argue that he is relying on a right newly recognized by the Supreme Court which has been made retroactively applicable to cases on collateral review. But such arguments would be unavailing.

In rejecting similar arguments in *United States v. Shanks,* United States Magistrate Judge Hanly A. Ingram observed the following:

> Shanks's contention that Executive Order 14206 is "newly discovered evidence based on constitutional law" does not impact the timeliness of his petition. Shanks could be arguing that his motion is timely under § 2255(f)(3) or (f)(4). However, neither provision is applicable. Shanks cannot argue that the statute of limitations started on February 7, 2025, the date of Executive Order 14206's issuance, because an Executive Order is not an action of the Supreme Court. Further, the Executive Order explicitly states that it is not intended to establish or recognize any right. See Exec. Order 14206(c) ("This order is not intended to, and does not, create any right or benefit, substantive or procedural . . .").

> Because Shanks has not established a newly recognized right, let alone one recognized by the Supreme Court, he cannot assert timeliness under (f)(3). Section 2255(f)(4) is similarly inapplicable. No new facts have been discovered. The Sixth Circuit has specifically held that (f)(4) does not apply to new law, and that legal "interpretation cannot be newly discovered evidence." *Khamisi-El v. United States*, 800 F. App'x 334, 349 (6th Cir. 2020); *see also Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

*U.S. v. Shanks, supra* at 4. For similar reasons, the one-year statute of limitations bars Jones' § 2255 motion. And no grounds for equitable tolling are available under the facts presented.

**b.**

As noted above, Jones entered a guilty plea to two counts. The first charged that he knowingly and intentionally possessed with the intent to distribute a mixture of heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1) while the second count charged that he knowing possessed firearms in furtherance of his drug crime in violation of 18 U.S.C. § 924(c)(1). The remaining count charging Jones with being a felon in possession of firearms was dismissed pursuant to the parties' written Plea Agreement. Thus, no penalty was imposed under 18 U.S.C. § 922(g).

Next, while Jones relies on an out-of-circuit decision in support of his argument challenging his conviction under 18 U.S.C. § 924(c)(1), that decision was reversed and remanded by the United States Supreme Court before the current motion was filed. *See Range v. Attorney General United States of America*, 69 F. 4th 96 (3d Cir. 2023), *reversed and remanded in Garland v. Range*, 144 S.Ct. 2706 (2024) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Third Circuit for further consideration in light of *United States v. Rahimi*, 144 S.Ct. 1889, 219 L.Ed.2d 351 (2024)")

Finally, while the United States Supreme Court has never concluded that § 924(c) is unconstitutional, less than one year ago, the Sixth Circuit rejected an argument like the one

Jones raises here. *See United States v. Risner*, 129 F.4th 361 (6th Cir. 2025). Writing for the three-judge panel, Judge Davis noted the following:

> [W]e determined in *United States v. Williams* that § 922(g)(1) "is constitutional on its face." 113 F.4th 637, 662 (6th Cir. 2024). Therefore, even if Risner had standing, his challenge would fail. . . . Risner's Second Amendment challenge to 18 U.S.C. § 924(c)(1)(A) fares no better. That statute prohibits using a weapon "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Unlike § 922(g)(1), we have not considered the merits of a post-*Bruen* Second Amendment challenge to § 924(c)(1)(A)'s constitutionality in a published decision. . . . Because § 924(c)(1)(A) expressly prohibits the use of a firearm during the commission of a drug trafficking crime—an objectively unlawful purpose—and Risner admits to possessing a firearm in connection with drug trafficking, § 924(c)(1)(A) lawfully applies to Risner. And beyond being unlawful, we have identified drug trafficking as dangerous. . . . It is not a far stretch to conclude that one who must arm himself due to the very danger of the crime in which he is involved is, by virtue of that fact, also dangerous period thus from the from this perspective also, § 924(c)(1)(A)'s prohibition against possessing a firearm in furtherance of a drug trafficking crime fits comfortably within the history and tradition of gun regulation in this country. Risner, therefore, cannot demonstrate that § 924(c)(1)(A) is unconstitutional in every application—a requirement to mount a successful facial challenge to the statute.

*Id.* at 366-369. In this case as in *Risner*, Jones cannot establish that 18 U.S.C. § 924(c)(1)(A) is unconstitutional. Further, Jones' conviction is in no way impacted by Executive Order 14206 or the dismissed charge of possessing a firearm following a felony conviction.

**V.**

When the Court denies relief under § 2255, it must decide whether to issue a Certificate of Appealability. *See* Rule 11 of the Rules Governing § 2255 Proceedings; 28 U.S.C. § 2253(c)(1)(B). A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, the movant must show that reasonable jurists could debate whether

the motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Jones has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate whether his motion should be resolved differently.

### VI.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1.  Defendant/Movant Jones' motion under 28 U.S.C. § 2255 [Record No. 101] is **DENIED**.

2.  The claims raised in this collateral proceeding are **DISMISSED** with prejudice and the collateral proceeding is **DISMISSED** and **STRICKEN** from the docket.

3.  A Certificate of Appealability will not issue.

Dated: January 21, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky